LAKE VIEW SCHOOL DISTRICT NO. 25 of Phillips County, Arkansas, et al. *v.* Governor Mike HUCKABEE, et al.

01–836                                                            208 S.W.3d 93

Supreme Court of Arkansas
Opinion delivered May 5, 2005

*Sharpe, Beavers, Cline & Wright*, by: *Brad Beavers*, for appellant, Barton-Lexa School District, successor in interest to Lake View School District; and amicus curiae, Forrest City School District.

*Friday, Eldredge & Clark, LLP*, by: *Christopher J. Heller*, for appellant, Little Rock School District.

*Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.*, by: *David R. Matthews*, for appellant, Rogers School District.

*Mike Beebe*, Att'y Gen., by: *Tim Gauger*, Sr. Ass't Att'y Gen., and *Mark Hagemeier*, Ass't Att'y Gen., for appellee, Governor Mike Huckabee.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for amici curiae, Earle School District and Helena-West Helena School District.

*Sharon Street*, for amici curiae, DeQueen School District, et al.

*Barrett & Deacon*, by: *D.P. Marshall Jr.*, for amici curiae, Arkansas State Chamber of Commerce and Associated Industries of Arkansas, Inc.

PER CURIAM. On April 14, 2005, Intervenor Rogers School District filed a Motion to Recall Mandate, Reappoint Masters, and for an Order Directing the State Defendants to Show Cause Why They Should Not Be Held in Civil Contempt for Failure to Comply with the Court's Previous Orders. Similar motions were tendered to the Supreme Court Clerk on April 25, 2005, by both the Barton-Lexa School Districts, as Successor in Interest to Lake View School District, and by the Earle and Helena-West Helena School Districts. On that same day, motions to intervene or to file *amicus curiae* briefs were filed by Forrest City School District, et al., and

DeQueen School District, et al. The State has moved this court to dismiss each of these motions.

■ Pursuant to Ark. Sup. Ct. R. 5-1(a), this court may at its discretion and on its own motion set any case for oral argument when it appears to the court that the matters presented for consideration are such that oral arguments are appropriate for a full presentation of the issues. We find this to be such a case. We hereby order oral arguments on the motions to recall the mandate and to reappoint the Masters to be held at 9:00 a.m. on Thursday, May 19, 2005. Supplemental briefs, while not required, will be permitted should the parties wish to file them. Any supplemental briefs shall be filed no later than Friday, May 13, 2005. No reply briefs will be permitted. The issues to be argued shall include, but will not be limited to:

(1) this court's jurisdiction to hear the instant motions;

(2) whether the General Assembly at its 2005 regular session retreated from its prior actions to comply with this court's directives in *Lake View Sch. Dist. No. 25 v. Huckabee*, 351 Ark. 31, 91 S.W.3d 472 (2002), particularly with respect to the General Assembly's actions or inactions in relation to Act 57 and Act 108 of the Second Extraordinary Session of 2003;

(3) whether the foundation-funding levels for the next biennium assure a continual level of adequate funding for Arkansas students; and

(4) whether the General Assembly's commitment to facilities funding meets the adequacy criterion.

Participation in oral argument shall be limited to movants that seek to recall the mandate. Requests to participate in oral argument shall be submitted to the court in writing no later than Friday, May 13, 2005.

Oral arguments set for 9:00 a.m. Thursday, May 19, 2005, on motions to recall mandate and to reappoint Masters.

Supplemental briefs permitted.

Clerk directed to file motions and briefs of Barton-Lexa School District and Earle and Helena-West Helena School Districts.

Motions to file *amicus curiae* briefs by Forrest City School District, et al., and DeQueen School District, et al., granted.

Special Justice CAROL DALBY joins.

HANNAH, C.J., concurs.

GLAZE, J., dissents.

IMBER, J., not participating.

JIM HANNAH, Chief Justice, concurring. I concur in the decision to allow oral argument in this case because Ark. Sup. Ct. R. 5-3(d) permits the filing of the motion to recall the mandate and because the parties should be allowed to provide a full presentation of the issues asserted to justify the recall.

TOM GLAZE, Justice, dissenting. Scheduling an oral argument at this stage of this *Lake View* litigation is a colossal waste of time. Our court should recall its mandate, which was issued following the court's release from jurisdiction of this case on June 18, 2004. *See Lake View School District No. 25 of Phillips County v. Huckabee (Lake View IV)*, 358 Ark. 137, 189 S.W.3d 1 (2004). In that decision, this court presumed Arkansas's government officials would continue to seek the funding of measures it had already enacted, which were intended to bring the State's public school system into compliance with the Arkansas Constitution. This court also assumed these officials would do what was necessary to achieve the dictates this court set forth in *Lake View Sch. Dist. No. 25 v. Huckabee*, 351 Ark. 31, 91 S.W.3d 472 (2000) (commonly referred to as *Lake View III*). The majority opinion in *Lake View IV* stated that it was not this court's constitutional role to monitor the General Assembly on an ongoing basis until the educational programs have all been implemented. However, the *Lake View III* court's strong caveat was sounded:

> The resolve of this court is clear. We will not waver in our commitment to the goal of an adequate and substantially equal education for all Arkansas students; nor will we waver from the constitutional requirement that our State is to "ever maintain a general, suitable, and efficient system of free public school[s]." Make no mistake, the court will exercise the power and authority of the judiciary at any time to assure that the students of our State will not fall short of the goal set forth by this court. We will assure its attainment.

Now, it is almost one year later, and the General Assembly has met and adjourned, and, predictably, school districts have filed motions for our court to recall its mandate, reappoint masters, and order State officials to show cause why they should not be held in civil contempt for failure to comply with this court's previous orders. In their motions, the school districts set out numerous allegations, charging that the State defendants in the *Lake View IV* case have seriously failed to continue their ongoing commitment to adequate funding of a constitutional system of education. Specifically, the school districts assert that the General Assembly enacted Act 57 of the Second Extraordinary Session of 2003, whereby the House and Senate Interim Committees were to undertake evaluations and reviews and report to the General Assembly by September 1 of each year prior to the regular legislative sessions. The committees were to provide specific funding and specific recommendations to the General Assembly in its effort to meet the State's obligation to obtain a constitutional system of education. The districts allege that Act 57 was not implemented, and that the General Assembly was not provided the necessary information on which to base its decisions related to school funding. Other specific charges alleged suggested that State officials have severely failed to meet the objectives required in order to obtain constitutional muster. The State officials respond by denying the allegations of the school districts.

How should this court proceed to determine whether the school districts' charges are correct? How do we determine if the State defendants have met their obligations and responsibilities in addressing these important issues? The answer, in my view, is simple because this court has chartered its course in this very litigation. We have previously recalled this court's earlier mandate and held that this court can do so when extraordinary circumstances require it. Extraordinary circumstances still prevail, and the court clearly has jurisdiction to recall its mandate in *Lake View IV*.

The court's *per curiam* opinion also sets an oral argument to determine if the General Assembly, at its 2005 regular session, retreated from its prior action to comply with its directives in *Lake View III* and IV, and whether the State defendants complied with Act 57 and Act 108 of the Second Extraordinary Session of 2003. Surely, this court is not inviting the parties' attorneys to appear before it so they can offer their respective partisan views of the claims and allegations without first having the special masters, as fact-finders, take testimony and evidence and make findings for

our court. Moreover, the *per curiam* makes the same mistake by asking the parties to appear to determine whether the foundation-funding levels assure a continual level of adequate funding for the State's students and whether the General Assembly's commitment to facility funding meets the adequacy criteria. Again, these are matters to be addressed at an evidentiary hearing, as the court did previously by appointing special masters.[1]

Unfortunately, our court could have expedited this case and resolved most of the issues, had we retained jurisdiction in June 2004. If we fail to pick up the ball now, the State will lose its best opportunity to achieve a constitutional public education system. In 1983, the State's officers failed to follow through after this court held the State's education system unconstitutional. *See Dupree v. Alma School District No. 30*, 279 Ark. 340, 651 S.W.2d 90 (2003). There, the General Assembly subsequently passed legislation in an attempt to bring Arkansas's educational system up to constitutional standards, but those legislative efforts fell short of the mark. It is now 2005, and our education system remains unconstitutional.

Enough is enough. We should foster no more delays by setting needless oral arguments. This court has previously given hope to the people of Arkansas and its students that they will finally achieve an educational system that is constitutional. The legal apparatus is in place to do so. This court's edict was clearly stated that it will exercise the power of the judiciary at any time to assure that the students of our state will not fall short of the goal set forth by this court. We should wait no longer and should promptly recall the court's mandate and reappoint special masters, Brad Jesson and David Newbern, so they can commence action.

---

[1] The per curiam cites to Ark. Sup. Ct. R. 5-1(a) to say this court may, at its discretion and on its own motion, set any case for oral argument when it appears the matters presented for consideration are such that oral arguments are *appropriate for a full presentation of the issues.* This Rule, by its own terms, fails to support a needless session with attorneys who have yet tried their case with evidence to be introduced before a hearing tribunal.